UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEACON NAVIGATION GMBH,

           Plaintiff,

                                        Case No. 13-cv-11389

v.                               Honorable Patrick J. Duggan

AUDI AG, AUDI OF AMERICA, INC., and
AUDI OF AMERICA LLC,

           Defendants.
_____/

BEACON NAVIGATION GMBH,

           Plaintiff,

                                        Case No. 13-cv-11511

v.                               Honorable Patrick J. Duggan

VOLKSWAGEN AG, VOLKSWAGEN
GROUP OF AMERICA, INC., and
VOLKSWAGEN GROUP OF AMERICA
CHATTANOOGA OPERATIONS LLC,

           Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' RENEWED MOTIONS TO STAY THE PROCEEDINGS PENDING REEXAMINATION OF THE ASSERTED PATENTS

## I.    Introduction

On October 11, 2011, Beacon Navigation GmbH ("Beacon") filed thirty-

eight patent infringement lawsuits in the United States District Court for the

District of Delaware ("Delaware court") against more than fifty manufacturers and/or sellers of automobiles.  Beacon alleges that products each defendant manufactures and/or sells infringe one or more claims of one or more of Beacon's eight patents.  Specifically, in its initial complaints, Beacon alleges infringement of at least: claims 1, 10, and 17 of U.S. patent No. 6,029,111 ("the '111 patent"); claims 1 and 32 of U.S. Patent No. 6,360,167 ("the '167 patent"); claim 1 of U.S. Patent No. 6,374,180 ("the '180 patent"); claims 1, 12 and 18 of U.S. Patent 5,819,201 ("the '201 patent"); claims 1, 7 and 11 of U.S. Patent 6,163,269 ("the '269 patent"); claims 1 and 15 of U.S. Patent No. 5,878,368 ("the '368 patent"); and/or claims 1 and 3 of U.S. Patent No. 5,862,511 ("the '511 patent").  All of the cases were transferred to this District when the Delaware court granted the defendants' motions to transfer on March 28, 2013.[1]

---

[1]The defendants sued by Beacon and the case numbers of the lawsuits in this District in which they are named are: Chrysler Grp. LLC (13-cv-11378 and -11380); Ford Motor Co. (13-cv-11381 and -11382); General Motors LLC (13-cv-11386 and -11387); Audi AG, Audi of Am., Inc., and Audi of Am. LLC (13-cv-11389 and -11405); Bayerische Motoren Werke AG, BMW of NA, LLC, and BMW Mfg. Co., LLC (13-cv-11407 and -11410); Honda Motor Co., Ltd., Honda NA, Inc., Am. Honda Motor Co., Inc., Honda Mfg. of Alabama, LLC, Honda Mfg. of Indiana, LLC, and Honda of Am. Mfg., Inc. (13-cv-11412 and -11413); Hyundai Motor Co., Hyundai Motor Am., and Hyundai Motor Mfg. Alabama LLC (13-cv-11414 and -11416); Jaguar Land Rover NA, LLC, Jaguar Cars Ltd., and Land Rover (13-cv-11422 and -11424); Kia Motors Corp., Kia Motors Am., Inc., and Kia Motors Mfg. Georgia, Inc. (13-cv-11440 and -11441); Mazda Motor Corp. and

(continued...)

Before that date, the defendants in several cases had filed motions to stay the

proceedings pending reexamination of the asserted patents by the United States

Patent and Trademark Office ("PTO").[2]  Some of those motions were renewed

---

[1](...continued)

Mazda Motor of Am., Inc. (13-cv-11444 and -11448); Daimler AG, Daimler NA Corp., Mercedes-Benz USA, LLC, and Mercedes-Benz U.S. Int'l, Inc. (13-cv-11452 and -11455); Nissan Motor Co., Ltd. and Nissan NA, Inc. (13-cv-11459 and -11497); Dr. Ing. h.c. F. Porsche AG and Porsche Cars NA, Inc. (13-cv-11499 and -11504); Saab Automobile AB and Saab Cars NA, Inc. (13-cv-11505 and -11506); Fuji Heavy Indus. Ltd, Fuji Heavy Indus. USA, Inc., and Subaru of Am., Inc. (13-cv-11507 and -11508); Toyota Motor Corp., Toyota Motor NA, Inc., Toyota Motor Sales U.S.A., Inc., Toyota Motor Eng'g & Mfg. NA, Inc., Toyota Motor Mfg. Alabama Inc., Toyota Motor Mfg. Indiana Inc., Toyota Motor Mfg. Kentucky Inc., Toyota Motor Mfg. Mississippi Inc., Toyota Motor Mfg. Texas Inc., and Toyota Motor Mfg. Virginia Inc. (13-cv-11509 and -11510); Volkswagen AG, Volkswagen Grp. of Am., Inc., Volkswagen Grp. of Am. Chattanooga Operations LLC (13-cv-11511 and -11512); Volvo Car Corp. and Volvo Cars of NA LLC (13-cv-11513 and -11514); and Suzuki Motor Corp. and Am. Suzuki Motor Corp. (13-cv-11516 and -11517).

On August 5, 2013, this Court granted Beacon's motion to dismiss without prejudice the actions against Saab Automobile AB and Saab Cars NA, Inc. due to bankruptcy proceedings involving those defendants.  Order, *Beacon v. Saab Automobile AB, et al.*, Nos. 13-cv-11505 and -11506 (ECF No. 15).  Beacon's actions against America Suzuki Motor Corporation have been stayed due to that defendant's bankruptcy filing.  *See* Order, *Beacon v. Suzuki Motor Corp., et al.*, Nos. 13-cv-11516 and -11517 (ECF No. 8).

[2]Motions to stay pending the PTO's reexamination of the asserted patents were filed in the Delaware court in the following cases (referred to by their Delaware court case numbers): *Beacon v. Audi AG, et al.*, No. 1:11-cv-00928 (filed July 23, 2012) ("*Audi I*"); *Beacon v. Audi AG et al.*, No. 1:11-cv-00929 (filed July 23, 2012) ("*Audi II*"); *Beacon v. Volkswagen AG, et al.*, No. 1:11-cv-00957 (filed July 23, 2012) ("*VW I*"); *Beacon v. Volkswagen AG, et al.*, No. 1:11-cv-00958 (filed July 23, 2012) ("*VW II*"); *Beacon v. Suzuki Motor Corp., et al.*, No. 1:11-cv-

(continued...)

after the transfer.[3]  Additional defendants filed motions to stay pending

reexamination for the first time after the transfer.[4]

At a status conference held before this Court on July 10, 2013, Beacon's

counsel represented that Beacon would agree to stay all of the related cases if the

Court grants the motions to stay filed in *Beacon v. Audi AG, et al.*, No. 13-cv-

11389 ("*Audi I*") and *Beacon v. Volkswagen AG, et al.*, No. 13-11511 ("*VW I*")

(hereafter cited to as the "Audi Defs.' Mot." and the "VW Defs.' Mot.",

respectively).  Thus the Court is deciding only those motions here.[5]

---

[2](...continued)
00953 (filed Nov. 12, 2012) ("*Suzuki I*"); and *Beacon v. Suzuki Motor Corp., et al.*,
No. 1:11-cv-00954 (filed Nov. 12, 2012) ("*Suzuki II*").

[3]Renewed motions to stay were filed in *Audi I*, *VW I*, and *Suzuki I* and *II*.

[4]After the cases were transferred, motions to stay were filed for the first time
in the following cases (referred to by this District's case numbers): *Beacon v.
Nissan Motor Co. Ltd., et al.*, No. 13-cv-11459 (filed July 2, 2013) ("*Nissan I*");
*Beacon v. Nissan Motor Co. Ltd., et al.*, No. 13-cv-11497 (filed July 2, 2103)
("*Nissan II*"); *Beacon v. Mayerische Motoren Werke AG, et al.*, No. 13-cv-11407
(filed July 9, 2013) ("*BMW I*"); *Beacon v. Mayerische Motoren Werke AG, et al.*,
No. 13-cv-11410 (filed July 9, 2013) ("*BMW II*"); *Beacon v. Hyundai Motor
Corp., et al.*, No. 13-cv-11414 (filed July 30, 2013) ("*Hyundai I*"); and *Beacon v.
Hyundai Motor Corp., et al.*, No. 13-cv-11416 (filed July 30, 2013) ("*Hyundai II*").

[5]Beacon's eight patents are not all at issue in *Audi I* and *VW I*, however.
Beacon alleges infringement of the '167, '201, '269, and '368 patents in *Audi I*,
and of only the '167 and '368 patents in *VW I*.  Therefore this decision contains
information found in other pending motions to stay relevant to the remaining
patents at issue.  Specifically, the Court incorporates information concerning the
(continued...)

## II.    The Reexamination Proceedings & Beacon's Resulting Attempt to Amend

Subsequent to Beacon's initiation of these related cases, the PTO ordered reexamination of all of the asserted claims in all of the patents in suit.  The PTO's reexaminations have resulted in the following actions as of July 17, 2013:

| Patent | Claim(s) Reexamined | Last Action | Date of Last Action | Status |
|---|---|---|---|---|
| '111 patent | 1, 10 & 17 | Final Office Action rejecting claims as unpatentable (BMW Defs.' Mot. Ex. 22) | 8/28/12 | PTO canceled the claims on 3/28/13 when no appeal filed (BMW Defs.' Mot. Ex. 23) |
| '167 patent | 1 & 32 | Final Office Action rejecting claims as not patentable (VW Defs.' Mot. Ex. 16) | 12/19/12 | pending a decision on Beacon's 4/23/13 appeal brief |
| '180 patent | 1 | claim rejected as unpatentable (BMW Defs.' Mot. Exs. 16-18) | 2/1/12 | PTO canceled the claim on 5/2/13 when no appeal filed (BMW Defs.' Mot. Ex. 19) |

---

[5](...continued)
reexamination proceedings presented in the motion filed in *BMW I* and *II* (hereafter cited as the "BMW Defs.' Mot.") as those cases also cover the '180, '111, and '511 patents, and the motion filed in *Nissan II* (hereafter cited as the "Nissan Defs.' Mot."), which covers the '380 patent.

| Patent | Claim(s) Reexamined | Last Action | Date of Last Action | Status |
|---|---|---|---|---|
| '201 patent | 1, 12 & 18 | Office Action rejecting claims as unpatentable (BMW Defs.' Mot. Ex. 4) | 2/15/13 | in prosecution following Beacon's notice of appeal filed 7/1/13 |
| '269 patent | 1, 7 & 11 | Advisory Action denying Beacon's request for reconsideration of Final Office Action rejecting claims as not patentable | 3/8/13 | awaiting PTO cancellation as appeal not filed by deadline of 4/24/13 |
| '368 patent | 1 & 15 | Advisory Action of final rejection of claims as not patentable (BMW Defs.' Mot. Ex. 9) | 6/5/13 | notice of appeal filed by Beacon on 7/1/13 |
| '380 patent | 1, 26 & 29 | | | PTO cancelled claims as a result of reexamination proceedings (Nissan Defs.' Mot. Ex. 11) |
| '511 patent | 1 & 3 | | | Stayed on 2/5/13 pending request for reexamination filed by unrelated party of all claims of the patent (*see infra* at n.6) |

Thus as of July 17, 2013, the PTO has initially or finally rejected as unpatentable all of the claims of the asserted patents, except the '511 patent.[6]

Presumably in response to the PTO's actions, Beacon filed a motion in each of the related cases on May 30, 2013, seeking leave to file an amended complaint. None of the proposed amended complaints assert infringement of the '167 or '269 patents. Beacon seeks to drop many of the rejected claims of the remaining patents and to add other claims of those patents. Specifically, Beacon's proposed amended complaints allege infringement of: claims 5, 12, and 19 of the '111 patent; claims 7 and 8 of the '180 patent; claims 1, 12, and 18 of the '201 patent; claims 1, 10-11, and 15 of the '368 patent; claims 18-20, 28, and 31 of the '380 patent; and/or claims 1 and 3 of the '511 patent. The claims underlined are not specifically asserted in Beacon's initial complaints.

DENSO Corporation ("DENSO") and Clarion Co., Ltd. ("Clarion")– parties

---

[6]On October 18, 2012, DENSO Corporation ("DENSO") petitioned for *inter partes* review of all 17 claims of the '511 patent. Beacon responded to the petition on January 21, 2013, and the PTO denied the petition on April 2, 2013. (*See* BMW Defs.' Mot. Exs. 31, 32.) DENSO moved for rehearing, but the PTO denied the motion on June 24, 2013. An appeal of that decision is now pending.

In the meantime, Volkswagen Group of America, Inc. ("VWGoA") filed a second request for *ex parte* reexamination of claims 1 and 3 of the '511 patent on December 17, 2012. The PTO ordered reexamination based on that request on January 23, 2013 (*id*. Ex. 36), but stayed the proceedings until completion of the review initiated first by DENSO.

not involved in the related cases before this Court– previously initiated

reexamination proceedings that included all of the claims in the '111 patent that

Beacon now seeks to assert (i.e., claims 5, 12, and 19). (*See* Nissan Defs.' Br. in

Supp. of Mot. at 8.) On March 18, 2013, the PTO granted the petition as to claims

5, 12, and 19, among others, finding that there was a reasonable likelihood that all

of the claims were anticipated by one or more prior art references. (*Id.* Ex. 9.)

Beacon informs the Court that oral argument is scheduled for December 13, 2013.

(*See* July 17, 2013 Letter from Counsel, No. 13-cv-11499, ECF No. 20.)

Defendants contend that the PTO likely will reject claims 10 and 11 of the

'368 patent because the claims depend from claim 1 of the patent which the PTO

already has rejected. (*See, e.g.*, BMW Defs.' Br. in Supp. of Mot. at 9-10; Nissan

Defs.' Br. in Supp. of Mot. at 7.) The same argument is asserted with respect to

newly asserted claims 7 and 8 of the '180 patent (*see* BMW Defs.' Br. in Supp. of

Mot. at 10), and claims 28 and 31 of the '380 patent (*see* Nissan Defs.' Br. in Supp.

of Mot. at 8.)

## III.   Applicable Law and Analysis

In patent cases, courts have the inherent and discretionary authority to stay

litigation pending reexamination. *See Ethicon Inc. v. Quigg*, 849 F.2d 1422, 1426-

27 (Fed. Cir. 1988) ("Courts have inherent power to manage their docket and stay

-8-

proceedings . . . including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted).  Courts routinely exercise this discretion and grant motions to stay litigation pending the outcome of PTO reexamination proceedings.  *See, e.g.*, *Softview Computer Prods. Corp. v. Haworth, Inc.*, 56 U.S.P.Q.2d 1633, 1635 (S.D.N.Y. 2000); *ASCII Corp. v. STD Ent. USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).  This is because courts recognize many advantages to awaiting the completion of reexamination proceedings, including the narrowing or elimination of issues, the alleviation of discovery problems relating to prior art, the encouragement of settlement, initial consideration of issues by the PTO with its particular expertise, and reduction of costs for the parties and the court.  *See, e.g.*, *Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach., Inc.*, 68 U.S.P.Q.2d 1755, 1757 (E.D. Mich. 2003) (citing *Emhart Indus. v. Sankyo Seiki Mfg. Co.*, 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987) (additional citations omitted)).  Congress in fact established the re-examination process "to provide an inexpensive and rapid resolution that would provide the federal courts with the expertise of the PTO in resolving patent claims."  *Magna Donnelly Corp. v. Pilkington N. Am., Inc.*, No. 06–cv–126, 2007 WL 772891, at *2 (W.D. Mich. Mar. 12, 2007) (citing *Patlkex Corp. v. Mossinghoff*, 758 F.2d 594, 602 (Fed. Cir. 1985)).

In the Sixth Circuit, courts consider three factors in deciding whether to stay litigation pending reexamination of the patents-in-suit: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Ralph Gonnocci Revocable Living Trust*, 68 U.S.P.Q.2d at 1757 (internal quotation marks and citations omitted).  In response to the defendants' motions to stay, Beacon concedes that these related cases "are still in their early ages." (*See, e.g.*, Pl.'s Resp. Br. at 7, No. 13-11389, ECF No. 22.).  The third factor thus favors a stay. For the reasons that follow, the Court finds that the remaining factors favor a stay as well.

The moving defendants contend that a stay will not prejudice or present tactical disadvantage to Beacon.  They argue that because Beacon is a patent holding company that does not compete with the named defendants, it will not lose customers or market share if the case is stayed.  Monetary damages in fact have been found sufficient to compensate a plaintiff not practicing the patents.  *See, e.g., Visual Interactive Phone Concepts, Inc. v. Samsung Telecomm. Am., LLC.*, No. 11-12945, 2012 WL 1049197, at *3 (E.D. Mich. Mar. 28, 2012); *NetJumper Software, LLC v. Google, Inc.*, No. 04-70366, 2008 WL 2761022, at *2 (E.D. Mich. July 15,

-10-

2008); *see also Magna Donnelly Corp.*, 2007 WL 772891, at *4 (finding no prejudice resulting from a stay where the plaintiff did not seek a preliminary injunction).

Beacon does not dispute the moving parties' contention, but claims that a stay will impair its ability to obtain third-party discovery. Beacon proffers that while the case is stayed key employees from third parties, such as the suppliers of the navigation systems found in the defendants' accused products, may depart their employment and evidence, such as earlier source codes and the defendants' accused vehicles, may be lost or otherwise become unavailable for inspection and/or testing. (*See, e.g.*, Pl.'s Resp. Br. at 5, No. 13-11389, ECF No. 22.) Beacon's fears, however, are speculative. It offers no basis from which to conclude that the loss of evidence or witnesses is likely. If, in fact, Beacon feared that evidence might be lost or destroyed during the pendency of these proceedings, the Court wonders why it did not request discovery or the preservation of relevant evidence earlier in this litigation– which already has been pending for almost two years.[7] In any event, the probability of Beacon suffering any actual prejudice is diminished by the anticipated short period that any stay will be in effect.

---

[7]Notably, after filing these cases, Beacon pursued its patent claims in the International Trade Commission which resulted in an automatic stay of some of the lawsuits.

Reexamination of the claims asserted by Beacon in its initial complaints were sought promptly after these lawsuits were filed.  As a result, the reexamination proceedings are completed or close to completion.  Further, by statute, the reexamination of any claim at issue in this stayed litigation will proceed on an expedited schedule.  *See* 35 U.S.C. § 305 ("All reexamination proceedings under this section, including any appeal to the Patent Trial and Appeal Board, will be conducted *with special dispatch* within the Office.") (emphasis added); *see also Ethicon, Inc.*, 849 F.2d at 1426-27 (concluding that Congress did not contemplate suspension of reexamination proceedings pending the outcome of a district court case involving invalidity of the same patent, reasoning that the language of § 305 reflects that "Congress intended the reexamination process to provide an efficient and relatively inexpensive procedure for reviewing the validity of patents which would employ the PTO's expertise").

The Court, in comparison, finds it highly probable that a stay will result in simplification of the issues in question and for trial.  The PTO proceedings already have altered the scope of Beacon's complaints by finding many of the asserted claims not patentable.  To proceed with this litigation while the PTO reexamines other asserted claims only to have the PTO possibly reject all or some of the remaining claims would be a tremendous waste of judicial resources.  And the

-12-

results of the proceedings before the PTO to date suggest a strong likelihood that future proceedings *will* alter the landscape of this litigation further.

Beacon argues that "[t]here are several issues in this case that cannot be resolved by the USPTO." (*See, e.g.*, Pl.'s Resp. Br. at 6, No. 13-11389, ECF No. 22.)  As examples, Beacon lists "infringement, defenses such as laches, estoppel, lack of standing, license, patent exhaustion, and damages." (*Id*.)  Beacon also notes that several reexaminations are *ex parte* and thus statutory estoppel will not prevent re-litigation of issues presented to the PTO.  In other words, the defendants can re-litigate the patentability of the asserted claims even if the party challenging the patentability of the same claims fails to prevail before the PTO.

Beacon's arguments may have merit.  Nevertheless, this Court will be able to tackle any issues the PTO cannot resolve more efficiently if the issues the PTO can resolve– and which the PTO has greater expertise to resolve– are decided first during the reexamination proceedings.  If the PTO finds additional claims not patentable in those proceedings, the defendants will have no need to assert any arguments relevant to those claims, including non-patentability, in this litigation.

In short, the relevant factors weigh in favor of granting the motions seeking to stay these proceedings pending the PTO's reexamination of the asserted claims.

Accordingly,

-13-

**IT IS ORDERED** that the defendants' motions to stay are **GRANTED** and the above-captioned proceedings are **STAYED** pending completion of the reexaminations of the patents at issue in Beacon's initial and/or proposed amended complaints.[8]

**IT IS FURTHER ORDERED** that Plaintiff Beacon Navigation GmbH shall submit a letter to the Court when the reexamination proceedings conclude, informing the Court of the results of those proceedings and how it suggests this litigation should proceed.[9]

Dated: August 12, 2013                    s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT COURT

---

[8]In accordance with the representation made at the July 10, 2013 status conference, in response to this Opinion and Order, the Court anticipates that counsel for Beacon will prepare a stipulated order staying the remaining cases, present the proposed stipulation to opposing counsel in each case, and once agreed upon, submit the order for the Court's signature. The stipulated order should contain the multiple case captions; however, it should be submitted to the Court in only one case (preferably the lowest case number). Once the order is signed by the Court, it will be filed by the Court's Deputy Clerk in all of the related cases.

[9]The Court requests that Beacon specifically indicate in this letter whether: (1) it wishes to pursue its pending motions to amend its complaints; (2) it intends to seek leave to file different proposed amended complaints; or (3) no amendment will be sought. If Beacon no longer seeks to amend its complaint as proposed currently, it should file a notice in each case withdrawing the pending motion for leave to amend. Relatedly, the Court advises the parties that a notice withdrawing a motion should be filed by any movant who believes the relief sought in the motion is rendered moot by the reexamination proceedings (or any change in circumstances), rather than a motion asking the Court to find the motion moot.

Copies to:
Counsel of Record